### JAMES *v.* JAMES *et al.*

1. Discretion not abused in refusing a continuance.
2. Nonsuit in action of trespass, not erroneous.

No. 6654.    August 16, 1928.

Equitable petition. Before Judge Edwards. Douglas superior court. April 2, 1928.

*J. R. Hutcheson* and *D. K. Johnston,* for plaintiff in error.
*Linton S. James,* contra.

Gilbert, J. L. W. James filed suit against Joe R. James Jr., and others, alleging that petitioner is the owner and is in possession of a described lot of land; that the defendants have gone upon said land and committed waste and trespass by cutting and felling timber and hauling same from said land for cross-ties, to the value

of $150; that said acts are continuous, and are being committed daily without the consent of plaintiff; and that said acts amount to a continuous trespass. The prayers are for injunction to prevent all of the acts complained of, and for process. An abstract of title is attached to the petition, showing grant of the property to William W. Allen, and through subsequent grantees to plaintiff. The defendants answered, denying trespass, and asserting ownership in Joe R. James Jr., attaching an abstract of title from William W. Allen through successive grantees to Joe R. James. They raised the issue of forgery as to portions of the deeds relied on in plaintiff's abstract; but as this issue was not mentioned on the trial, it will be considered as abandoned by the defendants. The case having been called for trial, the plaintiff moved for a continuance because of the absence of E. F. Nicholson, a defendant. The plaintiff testified that he expected to prove by Nicholson that the latter was in possession of the land under plaintiff. The motion, in regard to diligence, complied with the statute. The court overruled the motion, and error is assigned upon this ruling. The plaintiff testified in substance that he was the owner of the land, and had been in possession since 1891 under a deed to him from one Bowden; that his possession consisted of using firewood and donating timber for the purpose of building a schoolhouse. The deed from Bowden to plaintiff was admitted in evidence without objection. Under an agreement other deeds were admitted in evidence to throw light upon the bona fides of plaintiff's possession. There was no evidence tending to show any of the acts of trespass alleged, or any damage to plaintiff. The court granted a nonsuit, to which judgment the plaintiff excepted.

1. Under the facts in the record, the judge did not abuse his discretion in overruling the motion to continue the case.

2. There being a total failure on the part of the plaintiff to prove any of the allegations of the petition in regard to trespass and damage, the court did not err in ordering a nonsuit.

*Judgment affirmed. All the Justices concur.*